JUSTICE LEAPHART
specially concurring.
¶19 I agree with Reavely’s more general assertion that he should be able to use the PAST result to establish reasonable doubt. Our holding here would have left Reavely free to do so. He could have used his PAST result for impeachment or to call into question any number of facts that might have helped him establish reasonable doubt. Our holding would not have prevented Reavely, for example, from asking Officer Painter to testify to the PAST result that he observed on the PAST screen. The PAST result on the screen was within Officer Painter’s personal knowledge and he was free to tell the jury what he saw, absent some evidentiary objection. M. R. Evid. 602. Reavely would have been free to incorporate Officer Painter’s testimony into his closing argument to help establish reasonable doubt.
¶20 As the Opinion notes, however, Reavely was not merely seeking to argue to the jury that Officer Painter observed 0.136 on the PAST screen. Rather, he sought to affirmatively argue that the number 0.136 *156 actually represented Reavely’s BAC. This proposition requires testimony from an expert witness.